IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:14-cv-1053 |
| | : | |
| v. | : | |
| | : | |
| TEN THOUSAND SEVEN HUNDRED THIRTY-THREE AND 00/100 DOLLARS ($10,733.00) IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |

VERIFIED COMPLAINT FOR FORFEITURE

Now comes the Plaintiff, United States of America, by and through its undersigned attorney, Deborah F. Sanders, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U.S.C. §881(a)(6), which provides for the forfeiture of the above referenced currency to the United States because it was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate the trafficking of a controlled substance, in violation of Subchapter I of Chapter 13 of Title 21 and is therefore forfeitable.

2. The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§1345 and 1355.

3. Venue is proper in this District pursuant to 28 U.S.C. §§1355 and 1395.

4. Defendant is Ten Thousand Seven Hundred Thirty-Three and 00/100 Dollars ($10,733.00) in United States currency ("Defendant Currency").

5. The Defendant Currency is located within this District having been deposited into the United States Department of Justice Asset Forfeiture Holding Fund.

6. The Defendant Currency was seized on March 17, 2014, from A'Lia M. Lee, aka Alia M. Lee, ("Lee") at the Port Columbus International Airport by Drug Enforcement Administration ("DEA") Task Force Officer Henry Morehouse ("TFO Morehouse") and DEA Special Agent Michael Flynn ("SA Flynn").

7. The DEA received a claim asserting an ownership interest in the Defendant Currency from Lee on or about May 2, 2014.

8. On or about March 14, 2014, SA Flynn advised TFO Morehouse that he had received an anonymous tip that Lee (who had previously been identified as a courier in an investigation of drug trafficking in the Southern District of Ohio) would be traveling to Columbus, Ohio, from Houston, Texas, on Delta Airlines carrying currency. After receiving this information, TFO Morehouse confirmed that Lee had flown from Columbus, Ohio, to Houston, Texas, on or about March 14, 2014. Lee was scheduled to fly with Delta Airlines from Houston, Texas, to Columbus, Ohio, via connecting flight number 1255 from Atlanta, Georgia, on March 16, 2014.

9. On March 16, 2014, TFO Morehouse checked for Lee's arrival on Delta Airlines flight 1255 from Atlanta, Georgia. He learned that Lee's two (2) checked bags had arrived but Lee was not on the flight. The next flight from Atlanta was scheduled to arrive at 11:33 p.m. At approximately 11:00 p.m., TFO Morehouse and SA Flynn went to the Delta Airlines baggage claim area to wait for Lee. At approximately 11:45 p.m. Lee entered the baggage area, retrieved

2

her bags, and proceeded toward the exit. TFO Morehouse and SA Flynn approached Lee from the side so as not to block her egress. The officers identified themselves by displaying their credentials, advised Lee that she was not under arrest or in any trouble, and asked if they could speak to her. Lee agreed to speak with the officers and moved out of the path of other travelers. TFO Morehouse asked Lee where she was coming from and if he could see her identification. Lee provided her State of Ohio Driver's License which TFO Morehouse verified and promptly returned. She also advised that she was coming from Atlanta, Georgia, but had started her day in Houston, Texas, where she had been since the previous Friday visiting her friend.

10. After verifying Lee's identity, TFO Morehouse asked Lee if she was in possession of or carrying any illegal narcotics or large amounts of currency. Lee advised she was not in possession of any illegal narcotics but did have some money and, after being asked, consented to a search of her person and bags. When TFO Morehouse began searching one of Lee's bags she advised that she would show him where the money was so that he did not have to search around in her things. Lee then unzipped an inside pocket of the bag that TFO Morehouse was searching and advised that her money was gone.[1] TFO Morehouse asked if he could continue his search. Lee advised that he could. As he continued his search, TFO Morehouse located a bundle of currency inside the same bag but in a different pocket in the top portion of the bag. The bundle appeared to consist of $100.00 and $50.00 bills. After being asked, Lee advised that there was $5,000.00 in the bundle. TFO Morehouse also noted that the clothes and shoes in the bag were new and still had tags attached to them.[2] TFO Morehouse continued his search and located a second bundle inside Lee's hand-bag. The second bundle was secured with

---

[1] Couriers will often forget which location the currency is located from trip to trip.
[2] Couriers will use new clothes and items as filler in the luggage to make their travel appear more normal, but will often never take the price tags off the clothes as they are re-used to cover the actual reason for travel.

3

a rubber band and appeared to be in similar denominations as the first bundle.  Lee advised that this bundle also contained $5,000.00.

11.     After discovering the currency, TFO Morehouse asked Lee for more information about her work and travel.  During their conversation Lee told the officers that:

a)     She works preparing tax returns for individuals.  She works from her home and previously co-owned a tax business named Colbert and Ball Tax Service which closed due to high costs and the seasonal nature of the business.

b)     During this trip to Houston she stayed at a location she referred to as the "Galleria" while visiting her boyfriend, Diamond McCall.  The McCall family lives in Houston but she knows them from when they lived in Lorain County, Ohio.

c)     She had made trips to Arizona to visit Jason Galloway who was in a federal prison and whom she had dated for eight (8) years.[3]

d)     Her bags contained so many clothes for her short trip because she likes to shop and had done so while in Houston.

12.     During their conversation TFO Morehouse asked Lee about the currency in her bags.  Lee advised that a portion of the currency was her own which she had brought with her to Houston; a friend had given her some money; and, that she had also won some money, approximately $2,500.00, at a casino outside of Houston but was unable to provide the name of the casino or any paperwork evidencing her winnings.  However, in her claim filed with the DEA on May 2, 2014, Lee provided a totally different explanation as to the source of the funds, stating that she worked as a licensed cosmetologist and worked for Miracle Group Salons.  She advised

---

[3] On December 19, 2011, a Judgment was entered accepting Defendant Jason D. Galloway's Plea of Guilty to Federal narcotics and money laundering charges and sentencing him to a total term of Eighty-Eight (88) months of incarceration, United States v. Jason D. Galloway, Criminal Case Number CR-2-10-237.

that $7,000.00 was a gift from a close friend and that the remainder of the currency was her own personal money. In support of her statement, she included a letter from Diamond McCall which states that he gave Lee a gift of $7,000.00 in cash on April 15, 2014 (the Defendant Currency was seized on March 17, 2014).

13. After gathering information from Lee, TFO Morehouse asked her if there was any reason that a trained narcotic detection K-9 would alert to the odor of narcotics on the currency. Lee stated "no." TFO Morehouse placed the currency in a USPS Flat Rate box and sealed it in Lee's presence. TFO Morehouse set up ten (10) USPS Flat Rate boxes: five (5) of the boxes were empty and five (5) contained shredded circulated currency. Columbus Regional Airport Authority K-9 Officer Dale Beam ("Officer Beam") with narcotics K-9 Zeus conducted a sniff of the ten (10) boxes. K-9 Zeus did not show a change in behavior to any of the ten (10) boxes. Officer Beam and K-9 Zeus then left the area. TFO Morehouse replaced one of the boxes with the box that contained the currency from Lee's bags. Officer Beam with K-9 Zeus returned to the room and conducted a sniff of the boxes. K-9 Zeus showed a positive alert for the odor of narcotics on the box containing the currency by scratching at the box. TFO Morehouse advised Lee of the positive alert. Lee advised that she had smoked a marijuana "blunt" while at the casino in Houston and had placed it in her hand-bag.

14. Based on the information known to TFO Morehouse, he advised Lee that due to the information she provided during the interview and the positive narcotic K-9 alert the currency was being administratively seized by the DEA. Lee provided TFO Morehouse with her address and telephone number and was given a DEA-12 receipt for an undetermined amount of currency which was later determined to be $10,733.00 (Defendant Currency) in the following denominations:

5

| | | | | |
|---|---|---|---|---|
| $100.00 | x | 76 | = | $7,600.00 |
| 50.00 | x | 49 | = | 2,450.00 |
| 20.00 | x | 33 | = | 660.00 |
| 10.00 | x | 0 | = | 0.00 |
| 5.00 | x | 4 | = | 20.00 |
| 1.00 | x | 3 | = | 3.00 |
| | | Total: | | $10,733.00 |

15. Following the seizure of the Defendant Currency, DEA Task Force Officer Wayne McFarland ("TFO McFarland") obtained records detailing incoming and outgoing calls on the cellular telephone number Lee gave as her contact number. During the subsequent investigation of the numbers listed in the call logs, TFO McFarland discovered that several of the telephone numbers calling and/or being used by Lee are for individuals who have been involved in and/or convicted of drug related crimes.

16. In addition, TFO Morehouse obtained records from Delta Airlines regarding Lee's travel history with Delta Airlines. A review of these records indicated that from April 29, 2013, through May 27, 2014, Lee had booked at least eight (8) round-trip tickets four (4) or less days in advance of travel: one (1) flight to Las Vegas, Nevada; four (4) flights to Tucson, Arizona; and, three (3) flights to Houston, Texas. The records also indicated that during that thirteen (13) month period Lee spent approximately $5,299.88 on airline fares.

17. The United States alleges that the Defendant Currency constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §841 et seq., and is therefore forfeitable pursuant to 21 U.S.C. §881(a)(6).

WHEREFORE, Plaintiff, the United States of America, respectfully requests:

(a) That the Court find reason to believe that the Defendant Currency is forfeitable to the United States of America under 21 U.S.C. §881(a)(6);

(b) That under 21 U.S.C. §881(b), 18 U.S.C. §981(b), and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court issue a Warrant of Arrest in Rem for the arrest and seizure of the Defendant Currency based on this verified complaint, to bring the Defendant Currency within the jurisdiction of the Court for purposes of this statutory forfeiture action;

(c) That notice of this action be given to all persons and entities known or thought to have an interest in or right against the Defendant Currency, to appear and show cause why the forfeiture should not be decreed;

(d) That notice of this action be given by advertising in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(e) The Court decree that forfeiture of the Defendant Currency to the United States of America is confirmed, enforced, and ordered;

(f) The Court order the United States Marshals Service to dispose of the Defendant Currency as provided by the law;

(g) That Plaintiff be awarded its costs and disbursements in this action; and such other relief as this Court deems proper and just.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614)469-5715
Fax: (614)469-5240
Deborah.Sanders@usdoj.gov

VERIFICATION

I, Wayne A. McFarland, am a Task Force Officer with the Drug Enforcement Administration, and the agent assigned to this case. I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 31 day of July, 2014.

WAYNE A. MCFARLAND
Task Force Officer
Drug Enforcement Administration